675 A.2d 696

CHRISTINA BAILEY, PLAINTIFF–RESPONDENT, v. GARDEN STATE HOSPITALIZATION PLAN, DEFENDANT–APPELLANT, AND PRUDENTIAL INSURANCE COMPANY AND STATE OF NEW JERSEY, DIVISION OF MEDICAL ASSISTANCE AND HEALTH, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued April 24, 1996—Decided May 16, 1996.

Before Judges KING, KLEINER and HUMPHREYS.

*Clark W. Convery* argued the cause for appellant (*Convery, Convery & Shihar*, attorneys).

*Edward J. Ramp* argued the cause for respondent Bailey (*Ramp & Renaud*, attorneys; *Ann L. Renaud*, of counsel; *Carol F. Gerity*, on the brief).

Respondent, Division of Medical Assistance and Health Services, did not participate in the appeal.

PER CURIAM.

Garden State Hospital Plan appeals from orders of December 14, 1994 and March 16, 1994 in the Law Division adjudicating its obligation to pay certain medical expenses of plaintiff Christina Bailey. Garden State contends on appeal that: (1) the judge "erred in requiring a secondary health care provider to pay benefits prior to the exhaustion of all applicable personal injury protection benefits," (2) the "plaintiff has failed to meet her burden of proof," and (3) the judge "erred in granting plaintiff benefits not available under the plan of insurance." We affirm the ruling on the coverage dispute for the reasons given by Judge Longhi in his published opinion, 280 *N.J.Super.* 206, 654 A.2d 1043 (Law Div.1994). *See N.J.A.C.* 11:3–37.9.

■ We also affirm the judge's ruling that plaintiff's first admission at Kessler Rehabilitation Institute from May 10 to June 8, 1994 was primarily for medical treatment rather than rehabilitative purposes, for the reasons given by Judge Longhi at the conclusion of the factual hearing on this issue. This conclusion was essentially a factual determination based on ample credible evidence in the record. *Rova Farms Resort v. Investors Ins. Co.,* 65 *N.J.* 474, 483–84, 323 A.2d 495 (1974).

■ Nothing which we have ruled upon in affirming Judge Longhi's decision as to plaintiff's eligibility for Garden State's coverage should be construed to deprive Garden State of its right to review the expenses which may have been paid to date by the PIP carrier Prudential Insurance company and to resist its contribution toward those payments on the ground that such payments were not "reasonable and necessary" in the circumstances, if such ground indeed exists. *See N.J.A.C.* 11:3–37.2.[1]

Affirmed.

---

[1] *N.J.A.C.* 11:3–37.2 states in pertinent part:

"Medical expenses" means expenses for medical, surgical and dental treatment, professional nursing services, hospital expenses, rehabilitation

services, diagnostic services, ambulance services, prosthetic devices, medications and other reasonable and necessary expenses resulting from the treatment prescribed by persons licensed to practice medicine and surgery, dentistry, psychology or chiropractic in accordance with this State's laws, or by persons similarly licensed in other states or nations, or any nonmedical remedial treatment rendered in accordance with a recognized religious method of healing.